MCGREGOR W. SCOTT
United States Attorney
DAVID L. GAPPA
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. F. NO. 06-00359 LJO |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OF PLEA AGREEMENT |
| v. | ) | UNDER RULE 11(c)(1) OF THE |
| | ) | FEDERAL RULES OF CRIMINAL |
| | ) | PROCEDURE |
| | ) | |
| MANUEL GUTIERREZ, Jr., | ) | Date: November 9, 2007 |
| | ) | Time: 9:00 a.m. |
| | ) | Place: Courtroom Four |
| Defendant. | ) | Honorable: Lawrence J. O'Neill |
| | ) | |

Under Rule 11(c)(1) of the Federal Rules of Criminal

Procedure, the United States of America, by and through McGregor

W. Scott, the United States Attorney for the Eastern District of

California, and Assistant United States Attorney David L. Gappa,

has agreed with defendant Manuel Gutierrez Jr., and his attorney,

Marc C. Ament, as follows:

1. <u>Charges</u>.

The defendant acknowledges that he has been charged in a

superseding indictment with the following four crimes: one count

1

of Sexual Exploitation of a Minor in violation of Title 18,
United States Code, Section 2251(a)(1); one count of Receipt or
Distribution of Material Involving the Sexual Exploitation of
Minors, in violation of Title 18, United States Code, Section
2252(a)(2) (Count Two); and one count of Possession of Material
Involving the Sexual Exploitation of Minors, in violation of
Title 18, United States Code, Section 2252(a)(4)(B) (Count
Three); and one count of Use of a Facility of Interstate Commerce
to Induce a Minor to Engage in Criminal Sexual Activity, in
violation of Title 18, United States Code, Section 2422(b).

The defendant will plead guilty to Count One, Sexual
Exploitation of a Minor in violation of Title 18, United States
Code, Section 2251(a)(1).

2.   Nature, Elements and Possible Defenses.

The defendant has read the charges against him contained in
the superseding indictment, and those charges have been fully
explained to him by his attorney.  Further, the defendant fully
understands the nature and elements of the crime charged in Count
One of the superseding indictment to which he is pleading guilty,
together with the possible defenses thereto, and he has discussed
them with his attorney.

The elements of the crime of Sexual Exploitation of a Minor
in violation of Title 18, United States Code, Section 2251(a)(1),
as alleged in Count One of the Indictment, are as follows:

1          (1) the defendant knowingly

2              (a)  employed, used, persuaded, induced, enticed,
3                   or coerced a minor (an individual under the
                    age of 18), to engage in "sexually explicit
4                   conduct" (defined by Title 18, United States
                    Code, Section 2256(2)); or
5
6              (b)  had a minor assist any other person to engage
                    in "sexually explicit conduct"; or
7
               (c)  transported the victim, or caused
8                   the victim to be transported,
                    across state lines with the intent
9                   that the victim engage in sexually
                    explicit conduct
10
          (2) For the purpose of producing (defined by Title 18,
11             United States Code, Section 2256(3)) any visual
               depiction of such conduct; and
12
13        (3) The defendant knew or had reason to know that:

14             (a)  Such visual depiction would be transported
                    across state lines or in foreign commerce by
15                  any means, including a computer and the
                    Internet; or
16
17             (b)  The visual depiction was produced using
                    materials (including a computer and/or
18                  camera) that had been mailed, shipped, or
                    transported across state lines or in foreign
19                  commerce; or

20             (c)  The visual depiction was actually
21                  mailed or transported across state
                    lines or in foreign commerce, by
22                  any means including a computer and
                    the internet.
23

24

25   3.   Agreements by the Defendant.
26
     (a) Defendant agrees that this plea agreement shall be filed
27
     with the court and become a part of the record of the case.
28
          (b) Defendant agrees to enter a plea of guilty to Count One


                                    3

of the superseding indictment which charges him with Sexual
Exploitation of a Minor in violation of Title 18, United States
Code, Section 2251(a)(1).

(c)   Defendant understands and agrees that he will not be
allowed to withdraw his plea should the Court fail to follow the
sentencing recommendation of either party.

(d)   Defendant knowingly and voluntarily waives his
Constitutional and statutory rights to appeal his plea,
conviction, and sentence.  This waiver of appeal includes, but is
not limited to, an express waiver of defendant's rights to appeal
his plea, conviction, and sentence on any ground, including any
appeal right conferred by 18 U.S.C. § 3742.  The defendant
further agrees not to contest his plea, conviction, or sentence
in any post-conviction proceeding, including but not limited to a
proceeding under 28 U.S.C. § 2255.

(e)   The defendant further acknowledges that his plea of
guilty is voluntary and that no force, threats, promises or
representations have been made to anybody, nor agreement reached,
other than those set forth expressly in this agreement, to induce
the defendant to plead guilty.

(f)   The defendant agrees to waive all rights under the
"Hyde Amendment,"  Section 617, P.L. 105-119 (Nov. 26, 1997), to
recover attorneys' fees or other litigation expenses in
connection with the investigation and prosecution of all charges
in the above-captioned matter and of any related allegations
(including without limitation any charges to be dismissed

4

1  pursuant to this Agreement and any charges previously dismissed).

2      (g) The defendant agrees that the sentencing court must
3  consult the United States Sentencing Commission's Guidelines when
4  sentencing the defendant in this case.

5      (h) The defendant agrees that his conduct is governed by
6  United States Sentencing Guideline ("USSG") Section 2G2.1.

7      (i) The defendant agrees that the base offense level under
8  USSG § 2G2.1 is 32.

9      (j) The defendant agrees that the offense involves a minor
10  who had not attained the age of twelve (12), and this will
11  increase his base offense level upward by four (4) levels under
12  USSG § 2G2.1(b)(1).
13

14      (k)  The defendant agrees that the offense to which he is
15  pleading guilty involved the commission of a sexual act or sexual
16  contact, and this will increase his offense level upward by two
17  (2) levels under U.S.S.G. § 2G2.1(b)(2);

18      (l)  The defendant agrees that he has sustained a prior
19  conviction, on or about June 7, 2005, in the California Superior
20  Court, County of San Joaquin, for a violation of California Penal
21  Code § 311.11(a) for possession of child pornography.

22      (m) The defendant agrees that one component of a "reasonable
23  sentence" will include a lifetime term of supervised release.

24      (n)  If the defendant's conviction on the count
25  to which he is pleading guilty is ever vacated at the defendant's
26  request, the defendant agrees that the government will retain the
27  following rights: (1) to prosecute the defendant on the count to
28  which he pleaded guilty; (2) to reinstate any counts that may be

5

dismissed under this agreement; and (3) to file any new charges that would otherwise be barred by this agreement, including any that could now be charged but might later be barred by the passage of time and the application of any applicable statute of limitations.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.  By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy.  In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(o)   The defendant agrees that, for purposes of calculating a guideline range under the U.S. Sentencing Guidelines, the court will be allowed to consider the conduct referenced in Count Four of the Superseding Indictment regarding the defendant's use of a facility of interstate commerce (a computer, the internet, and telephones) to induce a minor (a girl residing in the state of Maine aged 15) to engage in activity for which any person could be charged with a criminal offense, because that is "relevant conduct," for purposes of the offense to which he is pleading guilty.

(p) The defendant acknowledges that the government and the U.S. Probation will be free to argue for the application of one or more additional specific offense characteristics than those mentioned within this section of the plea agreement, and if those

6

1  provisions apply, they may increase the defendant's range for
2  sentencing under the sentencing guidelines.
3
4      4.   Agreements by the Government.
5
6      (a)   The government will recommend a three-level reduction
7  in the computation of the defendant's offense level if he clearly
8  demonstrates acceptance of responsibility for his conduct as
9  defined in Section 3E1.1 of the United States Sentencing
10 Commission Guidelines Manual.
11     (b) The government will dismiss Counts Two, Three, and Four
12 of the indictment after the defendant has been sentenced in this
13 case;
14
15     (c) The government will recommend a sentence at the
16 statutory minimum term of imprisonment of twenty-five (25) years
17 if the court agrees that the defendant is subject to this
18 mandatory minimum term of imprisonment.
19     (d) The government will recommend a lifetime term of
20 supervised release.
21
22
23
24     6.   Factual Basis.
25     Defendant will plead guilty because he is in fact guilty of
26 the crime set forth in Count One of the superseding indictment.
27 Defendant also agrees that the following are the facts of this
28 case, although he acknowledges that, as to other facts, the
   parties may disagree:

Beginning on an unknown date no later than in or about April 2006, through and including approximately June 29, 2006, in the County of San Joaquin, within the State and Eastern District of California, and elsewhere, the defendant knowingly employed, used, persuaded, induced, enticed, or coerced a minor female, more specifically, a person younger than twelve (12) years of age, to engage in sexually explicit conduct as that term is defined at Title 18 United States Code, section 2256. The defendant did this for the purpose of producing any visual depiction of the sexually explicit conduct, and the defendant did produce more than one visual depiction of the minor engaged in sexually explicit conduct. The defendant did this by using materials, including a digital camera and removable memory device, that had been transported through interstate or foreign commerce and which had been made with materials that had been shipped or transported through interstate or foreign commerce. The defendant then transferred the sexually explicit images of the minor female onto a computer that had been shipped in interstate or foreign commerce or which had component parts that had been shipped or transported in interstate or foreign commerce.

7.   Potential Sentence.

Defendant understands that because the count to which he is pleading guilty occurred after November 1, 1987, the court will be required to consult the Sentencing Guidelines adopted by the United States Sentencing Commission. Further, he understands that the court may choose a sentence above or below the applicable guideline range depending on the aggravating or mitigating facts of the defendant's case. The following are the potential penalties that the defendant faces (although he is free to argue that he is subject to a 15-year mandatory minimum term of imprisonment rather than a 25-year mandatory minimum term of imprisonment):

8

**Violation of 18 U.S.C. § 2251(a)(1): <u>Sexual Exploitation of a Minor</u>:**

    (a). Imprisonment.

        Minimum: Twenty-five (25) years.

        Maximum: Fifty (50) years.

    (b). Fine.

        Maximum: Two Hundred Fifty Thousand Dollars ($250,000).

    (c). Both such fine and imprisonment.

    (d). Term of Supervised Release.

        Lifetime

        (Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the remaining period of supervised release actually imposed by the court, or five years whichever is less.)

    (e). Penalty Assessment:

        Mandatory: One Hundred Dollars ($100).

8. <u>Waiver of Rights</u>.

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. But in order that the trial be conducted by a judge sitting without a jury, defendant, the government and the judge all must agree that the trial be conducted by the judge without a

9

1  jury.

2      (b)   If the trial were a jury trial, the jury would be
3  composed of twelve lay persons selected at random.   Defendant and
4  his attorney would have a say in who the jurors would be by
5  removing prospective jurors for cause where actual bias or other
6  disqualification is shown, or without cause by exercising
7  peremptory challenges.   The jury would have to agree unanimously
8  before it could return a verdict of either guilty or not guilty.
9  The jury would be instructed that defendant is presumed innocent
10 and that it could not convict him unless, after hearing all the
11 evidence, it was persuaded of his guilt beyond a reasonable
12 doubt.
13
14     (c)   If the trial were held before a judge without a jury,
15 the judge would find the facts and determine, after hearing all
16 the evidence, whether or not he was persuaded of the defendant's
17 guilt beyond a reasonable doubt.
18
19     (d)   At a trial, whether by a jury or a judge, the
20 government would be required to present its witnesses and other
21 evidence against defendant.   Defendant would be able to confront
22 those government witnesses and his attorney would be able to
23 cross-examine them.   In turn, defendant could present witnesses
24 and other evidence on his own behalf.   If the witnesses for
25 defendant would not appear voluntarily, he could require their
26 attendance through the subpoena power of the Court. At trial, the
27 defendant would also have the right to assistance of legal
28 counsel.   If he could not afford legal counsel, one would be

10

appointed for him by the court at no expense to him.

(e)   At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

9.   <u>Questions by Court</u>.

Defendant understands that if the court questions him under oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.

10.   <u>Entire Agreement</u>.

This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement.   There have been no representations or promises from anyone as to what sentence this Court will impose.

11.   <u>Court not a Party</u>.

It is understood by the parties that the sentencing court is neither a party to nor bound by this agreement and the sentencing

1 judge is free to impose the maximum penalties as set forth in
2 paragraph 7.  Further, in making its sentencing decision, the
3 Court may take into consideration any and all facts and
4 circumstances concerning the criminal activities of defendant,
5 including activities which may not have been charged in the
6 indictment.
7
8
9     12.   Presentence Report.
10     Defendant understands that the United States Probation
11 Office is not a party to this agreement and will conduct an
12 independent investigation of defendant's activities and his
13 background.  It will then prepare a presentence report which it
14 will submit to the Court as its independent sentencing
15 recommendation.  In addition, the government will fully apprise
16 the Probation Office, as well as the Court, of the full and true
17 nature, scope and extent of the defendant's criminal activities,
18 including information on his background and criminal history.
19
20
21     MCGREGOR W. SCOTT
22     United States Attorney
23 DATED: 11/9/07    By
24     DAVID L. GAPPA
25 DATED: 11/8/07     Assistant U.S. Attorney
26     MANUEL GUTIERREZ, Jr.
27     Defendant
28 DATED: 11/8/07
    MARC C. AMENT  Katherine Hart
    Attorney for Defendant

12